IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| REYNALD LAPUEBLA, | CIVIL CASE NO. 19-00097 |
| Plaintiff, | |
| vs. | |
| ALEJANDRO MAYORKAS, Secretary, U.S. DEPARTMENT OF HOMELAND SECURITY, and U.S. CUSTOMS AND BORDER PROTECTION, | **ORDER** re Plaintiff's Motion to Seal (ECF No. 41) |
| Defendants. | |

Pending before the court is the Defendant's Motion to File Plaintiff's Opposition to Motion for Summary Judgment, Concise Statement of Material Facts, and Declarations and Exhibits of Plaintiff and Counsel Under Seal (the "Motion to Seal"). *See* ECF No. 41. The Plaintiff asserts that his request to seal said documents is "in accordance with the Order Granting Stipulation Concerning Confidential Information [(ECF No. 27)]."[1] Mot. Seal, ECF No. 41.

The Defendants did not oppose the Motion to Seal because the Plaintiff's filings "contain[ed] confidential and sensitive information." *See* Non-Opp'n at ¶2, ECF No. 48. If the court was inclined to unseal the filings, the Defendants requested that certain filings and exhibits remain under seal or be further redacted. *Id.*

Under the First Amendment, the public has a presumed right of access to court proceedings

---

[1] Said Order shall be referred to as the "Confidential Information Order." Said Order governed the disclosure and use of documents produced in discovery that contained "confidential information," such as social security numbers, birth dates, financial accounts and records, personnel records, home addresses, and as further described in paragraph 2.

and documents. *See generally Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985). In the Ninth Circuit, there is a "strong presumption in favor of access to court records" in both civil and criminal actions, which can only be overridden if there are "sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (a motion to seal documents which are part of the judicial record is governed by the "compelling reasons standard"). Even when documents subject to a protective order are filed under seal as attachments to a dispositive motion, the Ninth Circuit applies the compelling reasons standard. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d. 1122, 1136 (9th Cir. 2003).[2] To meet the compelling reasons standard, a party needs to provide "articulable facts" on which the court could base a decision to seal portions of the record. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006)

Even the Confidential Information Order relied upon by the Plaintiff provides that "[a]s there is a presumption in favor of open and public judicial proceedings ins the federal courts, this Order will be strictly construed in favor of pubic disclosure and open proceedings whenever possible." Confidential Information Order at ¶1, ECF No. 27. It also noted that "[i]nformation or documents that are available to the public may not be designated as Confidential Information." *Id.* at ¶2.

The court has reviewed the Plaintiff's Opposition and the declarations appended thereto (ECF No. 42) and the Concise Statement and exhibits (ECF No. 43) and finds that many portions of said documents contain facts that are already available to the public and/or legal argument, which should be sealed from the public.[3] The Plaintiff has not articulated any facts that justify the wholesale

---

[2] The *Foltz* court recognized that an exception to the presumption of access had been carved out for materials attached to a nondispositive motion filed with the court under seal pursuant to a valid protective order. *Foltz*, 331 F.3d at 1135. The Ninth Circuit "reasoned that the presumption of access was rebutted because '[w]hen a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" *Id.* (citing *Phillips v. Gen. Motors,* 307 F.3d 1206, 12 13 (9th Cir. 2002).

[3] The court has temporarily allowed ECF Nos. 42 and 43 to be filed under seal, but as discussed *infra*, the court will give the Plaintiff an opportunity to show cause why the court should not unseal said documents.

sealing of the documents referenced above in their entirety, particularly when redactions can be made to protect personal identifiers (*e.g.* social security numbers, dates of birth, home addresses and telephone numbers) or other sensitive information (*e.g.,* financial information and records, personnel records, criminal histories), such as the Defendants did when the Motion for Summary Judgment and documents in support thereof were filed.

The court orders the Plaintiff to review ECF Nos. 42 and 43 and make any redactions necessary to prevent public access to personal identifiers (*e.g.* social security numbers, dates of birth, home addresses and telephone numbers) or other sensitive information (*e.g.,* financial information and records, personnel records, criminal histories). If any document or exhibit requires redaction, the Plaintiff shall submit said redacted document or exhibit(s) *over the counter* at the Clerk's Office no later than Friday, June 18, 2021, at 3:00 p.m., along with an explanation of why said document or exhibit is being redacted. If, after careful review, the Plaintiff still believes that a specific document or exhibit cannot be appropriately redacted and must remain sealed, then the Plaintiff shall also file an amended motion to seal that sets forth articulable facts – not conclusory statements – identifying the interests favoring continued secrecy and explain how these specific interests overcome the presumption of public access.

The Defendants shall thereafter review the Plaintiff's redacted documents and/or documents the Plaintiff requests to be sealed in their entirety and file by June 30, 2021, either a concurrence or an opposition to the Plaintiff's redactions and/or sealing requests. If necessary, the Plaintiff shall have until July 7, 2021, to respond any comments made by the Defendants.

IT IS SO ORDERED.



**/s/ Michael J. Bordallo**
**U.S. Magistrate Judge**
**Dated: Jun 03, 2021**